UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FADI SABA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNISYS CORPORATION,<br><br>    Defendant. | Case No. 14-cv-01310-WHO<br><br>**ORDER GRANTING MOTION TO WITHDRAW AND PERMITTING PLAINTIFF TO PROCEED PRO SE** |

On July 9, 2015, while defendant Unisys Corporation's motion for summary judgment and plaintiff Fadi Saba's motion for partial summary judgment were under submission, Saba, through his attorney Charles Wisch, filed a document entitled "Substitution of Attorney." Dkt. No. 135. This stated that Saba "hereby substitutes himself in place of his attorney of record Charles J. Wisch" and was signed by both Saba and Wisch. *Id.* Along with this motion, Saba filed a motion (signed by Wisch) to stay the proceedings as a result of this supposed substitution. Dkt. No. 134.

I granted Unisys's motion for summary judgment and denied Saba's motion for partial summary judgment on July 17, 2015. Dkt. No. 137. At the end of the order granting summary judgment, I denied Saba's request for a temporary stay as moot. I did not see a reason to rule on Wisch's motion to withdraw[1] in light of my ruling. Judgment was entered the same day. Dkt. No. 138.

Because Wisch was not relieved by order of the court as required by Civil Local Rule 11-5,[2] he remained Saba's attorney of record after judgment was entered. Saba and Wisch believed,

---

[1] Although the document titled "Substitution of Attorney" did not formally request either that Wisch withdraw as attorney or that Saba proceed pro se, I treat the document as a request pursuant to Civil Local Rule 11-5.
[2] This states, in relevant part, that "Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a).

however, that Wisch was relieved as attorney and that Saba was representing himself as of the date of the summary judgment Order, as expressed in the letter filed at Docket No.141. Given the request of Saba and Wisch to effect the change in representation, pursuant to Federal Rule of Civil Procedure 60(a), I alter my prior Order on summary judgment and GRANT Wisch's request to withdraw nunc pro tunc; Saba's request to proceed pro se is also GRANTED.

That done, I recommend that Saba seek assistance *immediately* from the Northern District's Pro Se Help Desk (415.782.9000 extension 8657), including for the purposes of determining deadlines for court filings. Wisch shall *immediately* serve Saba with this Order and underscore the importance of filing any post judgment motions or notice of appeal, if desired, in a timely manner. Importantly, any appeal must be filed in accordance with Federal Rule of Appellate Procedure 4(a), which states that "**the notice of appeal required by Rule 3 must be filed with the district court within 30 days after entry of the judgment or order appealed from.**" This Order does not enlarge the time for Saba to file any pleadings or notices.

**IT IS SO ORDERED**.

Dated: August 6, 2015

WILLIAM H. ORRICK
United States District Judge