UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FADI SABA,<br><br>   Plaintiff,<br><br>  v.<br><br>UNISYS CORPORATION,<br><br>   Defendant. | Case No. 14-cv-01310-WHO<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 145 |

  Plaintiff Fadi Saba moves to alter or amend my prior Order granting summary judgment in favor of defendant Unisys Corporation ("Unisys").[1] Because he has not presented any reason that supports a finding of clear error of law or manifest injustice as required by Federal Rule of Civil Procedure 59(e), and because none of the evidence that he presents can be considered "newly discovered," his motion is DENIED.

## BACKGROUND

  This Order incorporates the facts described in the previous Order granting Unisys's motion for summary judgment. *See* Order (Dkt. No. 137). Saba filed suit against Unisys, his former employer, after he was terminated in 2013. He brought two causes of action for wrongful termination in violation of a fundamental public policy and other related causes of action.

  In moving for summary judgment, Unisys cited several reasons for its termination of Saba, including that: (i) Saba was unable to work with one of two primary clients that his group worked with, the City of Minneapolis, because he never obtained security clearance; (ii) the group's other main customer, TASC, reduced its contractual requirements so that it required approximately two,

---

[1] Although Saba styles his motion as a motion for reconsideration, because judgment has been entered in this case I address it as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *Cf.* FED. R. CIV. P. 54(b) (allowing a court to reconsider prior to final entry of judgment).

rather than five, full-time employees to service it; and (iii) the corporation faced financial hardships, resulting in a reduction in force of 54 employees, including Saba. *Id.* at 1, 19. Saba was identified as the junior of two employees in his group that worked with TASC. *Id.* at 9. I granted Unisys's motion for summary judgment and denied Saba's cross-motion for partial summary judgment. I found that Unisys met its burden of establishing legitimate reasons for terminating Saba, and that Saba was unable to establish a triable issue that Unisys's justifications were a pretext for unlawful termination.

Saba filed a motion for reconsideration, arguing that my prior decision rested on clear errors or manifest injustice, and that newly discovered evidence compels a different result. Dkt. No. 145. Saba was represented until after the hearing on the summary judgment motion. After the hearing, he discharged his attorney and now proceeds pro se.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a motion to reconsider may be granted when (i) the court is presented with newly discovered evidence; (ii) the court committed clear error or its initial holding was manifestly unjust; or (iii) if there is an intervening change in the controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) is intended to "afford relief only in extraordinary circumstances, and not to routinely give litigants a second bite at the apple." *Van Derheydt v. Cty. of Placer*, 32 Fed. App'x 221, 223 (9th Cir. 2002) (granting a motion for reconsideration after the district court ruled that a claim was untimely, but statute of limitations had yet to start running). Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). Accordingly, Rule 59(e) may not be used to raise evidence or an argument for the first time "when they could reasonably have been raised earlier in the litigation." *Id.*

## DISCUSSION

Saba relies on two of Rule 59(e)'s bases to alter or amend a judgment: "newly discovered evidence," and clear error or manifest injustice. Dkt. No. 145 at 2. He does not assert any intervening changes in the controlling law.

Saba makes four primary arguments: (i) that he completed the City's background check; (ii) that he was better qualified for his position than Helen Baker, the other member of his team that worked with TASC; (iii) that the court's discussion of Unisys's financial position and number of clients was incorrect and that there was not a widespread layoff at the time of his termination; and (iv) that Unisys in fact received his May 9, 2013 email. Saba appears to present these arguments as newly discovered evidence, as well as errors of fact or law that were material to the Court's original holding and, once corrected, should change the outcome of the case.

All of these arguments rely on evidence that Saba could have presented at summary judgment, and Saba does not indicate that he did not discover the evidence until after the summary judgment Order issued. In addition, Saba does not present any legal basis that supports a finding of error, let alone clear error that would support a motion under Rule 59(e).

## I. NEWLY DISCOVERED EVIDENCE

### A. Evidence that Saba Completed the Government Background Check

First, Saba argues that he completed the background check for the City and that he obtained higher level clearance from other entities. Dkt. No. 145 at 2. These arguments and supporting facts were presented at summary judgment, and I addressed the issue at length in the summary judgment Order. I decided that the factual issues of whether Saba completed the background check were not relevant because Saba's application was never *approved*. As a result of not obtaining the necessary clearance, Saba could not work for the City, which was one of his team's two primary customers. *See* Order at 19 ("The pertinent facts are undisputed: Saba did not obtain clearance, Unisys did not prevent Saba from obtaining the clearance, and Saba consequently was unable to work for the City."). I found that this provided a justification for his termination.

Therefore, Saba's evidence that he completed of the background check is not "newly discovered evidence."

### B. Evidence that Saba was Better Qualified for his Position than Baker and Could have Performed Other Jobs

Saba also raises the fact that he was better qualified for his position than Baker, the other

employee working for TASC in his group at Unisys. Dkt. No. 145 at 3. This was also raised at summary judgment. Saba does not present any evidence to demonstrate that he was the better equipped employee for his group that is not already in the record, or that was not reasonably available earlier in the litigation. For example, Saba makes new assertions that Baker did not actually work on City or TASC projects. However, he does not provide any evidentiary support these claims, and does not explain why he could not have raised them earlier in the litigation.

Therefore, Saba's evidence about his and Baker's qualifications is not "newly discovered evidence."

### C. Unisys's Financial Position, Number of Clients, and Layoffs were Misrepresented

Saba devotes much of his motion to factual allegations about Unisys's financial position, number of clients, and layoffs that he asserts were misrepresented in the Court's prior Order. *Id.* at 3-5. He asserts that the company employed 20,000 people and "ha[d] more than two main clients." *Id.* at 3. Saba states that he should have been transferred to a different team if his inability to work with the City presented an issue, and argues that Unisys's termination of approximately 54 employees could not be described as a layoff or a true reduction in workforce. *Id.*

All of this evidence was presented or could have been presented at summary judgment. For example, Saba's argument that he should have been transferred to a new team or assigned new clients was specifically addressed both in the briefing and at the hearing. I found that these arguments did not establish that Unisys's reasons for terminating Saba were pretextual. *See* Order at 22 ("As reflected in plaintiff's counsel's argument at the hearing, Saba's evidence demonstrates, at best, that Unisys *could have* terminated someone else or that they *could have* retained Saba to do a different job. This argument ignores the fact that in making such reductions in force, companies are often faced with difficult choices that are not actionable. It does not demonstrate that Unisys's reasons for terminating Saba were false or pretextual."). Furthermore, evidence of future layoffs does not impact whether Unisys implemented a valid reduction in workforce.[2] For these reasons, Saba's

---

[2] Similarly, Saba presents supposedly new evidence that Unisys was involved in charges of corruption and fraud. Dkt. No. 145 at 5. This evidence is not relevant to the determination of

4

arguments about Unisys's financial condition and layoff decisions are not "newly discovered evidence."

### D. Unisys received Saba's May 9, 2013 Email

Lastly, Saba argues that Unisys received his May 9, 2013 email. Dkt. No. 145 at 5. Again, this exact question was discussed in the prior Order. Although I expressed doubt as to whether Unisys received the email, I assumed that it did. *See* Order at 22 ("assuming that Greene received this email, Saba does not present any other facts or evidence that would support a finding that Unisys terminated Saba because of this email, instead of the other valid reasons that Unisys presented"). Saba does not raise any other facts or evidence that were not made or available earlier in the litigation. For example, his assertion that there are "loopholes" to "Journaling" emails is an argument that was reasonably available to him before summary judgment.

For the above reasons, Saba did not present any "newly discovered evidence" that would disturb the prior summary judgment Order.[3]

## II. CLEAR ERROR OF LAW OR MANIFEST INJUSTICE

In presenting the arguments and facts discussed above as "newly presented evidence," Saba also contends that the court committed clear error or that manifest injustice will arise if the judgment is not altered or amended. "While courts have generally not defined what constitutes clear error under Rule 59(e), case law indicates that clear error should conform to a very exacting standard." *SEC v. Pattison*, 2011 U.S. Dist. LEXIS 61922, 2011 WL 2293195 (N.D. Cal. June 9, 2011) (quotations omitted). An error "must be one on which the final judgment was predicated" and "must be one that would alter the outcome of the case." *Id.*

Most of Saba's arguments amount to disagreements with the Court's Order and do not

---

whether Unisys's reasons for discharging Saba were pretextual. He also attacks factual determinations that were relevant to his motion for partial summary judgment, which was denied as moot. *See* Dkt. No. 145 at 6.

[3] Saba's reliance on *Alvarez v. QPI Multipress, Inc.*, 2007 U.S. Dist. LEXIS 48588, *13, 2007 WL 1988724 (N.D.N.Y July 5, 2007) is misplaced. In that case "Plaintiff's counsel inadvertently omitted [page 4 of an affidavit] when he submitted Plaintiff's opposition papers," and "the Court would not have granted…[the] motion for summary judgment" if it had reviewed this *new* document. Rather than retry an issue, the Court examined evidence that was not previously available.

1  provide a legal basis for altering or amending the judgment under Rule 59(e).  As described above,
2  Saba's theories regarding the facts do not establish that the prior Order is premised on clear error,
3  or that a manifest injustice will result absent reconsideration.  For example, he objects to my
4  determination in the summary judgment Order that Saba "does not argue that the reasons above
5  [for his termination] are false." Dkt. No. 145 at 4.  This refers to my finding that Saba did not
6  dispute the underlying facts that Unisys laid off 54 other employees, that Saba could not work for
7  the City, and that TASC changed its contract with Unisys and needed less employees to service it.
8  However, I understood that Saba's position was that Unisys's reasons were pretext but focused
9  that the underlying facts were not in dispute.  In his motion for reconsideration, Saba again does
10 not argue that these facts are purely false, but instead that they are pretextual.  I have already
11 rejected that argument and will not address it again here.

12 Because Saba was unable to articulate specific explanations of how I committed clear error
13 in the summary judgment Order, or that manifest injustice will result if I do not amend the Order,
14 Saba has not established that the Order should be altered or amended pursuant to Rule 59(e).

## CONCLUSION

Saba fails to provide any basis under Rule 59(e) to reconsider my prior Order granting summary judgment.  Saba's motion raises evidence and arguments that were raised or could have been raised at summary judgment.  Additionally, none of the issues raised by Saba can be interpreted as clear error or would lead to manifest injustice if they were not corrected.  Instead, it appears that Saba hopes to re-litigate issues of law already addressed by the Court in violation of Rule 59(e).  For these reasons, Saba's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: September 14, 2015

WILLIAM H. ORRICK
United States District Judge