UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FADI SABA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNISYS CORPORATION,<br><br>　　　　　Defendant. | Case No. 14-cv-01310-WHO<br><br>**ORDER GRANTING MOTION TO REVIEW COSTS**<br><br>Re: Dkt. No. 163 |

After the clerk awarded defendant Unisys Corporation ("Unisys") $9,924.70 in costs, Unisys requests review of the award pursuant to Federal Rule of Civil Procedure 54(d)(1). *See* FED. R. CIV. P. 54 ("On motion served within the next 7 days, the court may review the clerk's action."); Dkt. No. 163. Unisys asserts that the clerk erred by (i) excluding the costs of videotaping depositions; (ii) disallowing costs for service of process; and (iii) disallowing copying costs. Dkt. No. 163 at 1-2.

I GRANT Unisys's request for the purpose of correcting the costs awarded for videotaping deposition and for copying fees. Unisys is entitled to the copying costs and costs of videotaping depositions that were disallowed, but not for its "same day" service of process.

**DISCUSSION**

**I. COSTS**

**A. Videotaped Deposition Costs**

The clerk taxed the cost for the written deposition transcripts, but not the costs associated with videotaping those depositions. Dkt. No. 159. Civil Local Rule 54-3(c)(1) states that "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." My colleagues disagree whether parties are entitled to the cost of both a stenographic deposition transcript and a videotape of the same

deposition. *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2013 WL 843104, at *3 (N.D. Cal. Mar. 6, 2013) (recognizing that "courts in this district have reached divergent outcomes on this issue," and concluding that "Local Rule 54–3(c) allows for the taxable costs of both the videotape and the transcript of a deposition"); *see also Apple Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *6 (N.D. Cal. Sept. 19, 2014) ("Courts across the Northern District have struggled to interpret Civil Local Rule 54–3(c)(1)").  I join those that do consider those costs necessary for trial in the appropriate case. *Samsung Electronics Co.*, 2014 WL 4745933, at *6; *Kilopass*, 2013 WL 843104, at *3; *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1147 (N.D. Cal. 2010); *Meier v. United States*, No. C 05-04404 WHA, 2009 WL 982129, at *1 (N.D. Cal. Apr. 13, 2009); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2008 WL 2020533, at *6 (N.D. Cal. May 8, 2008); *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909 SI, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005).

Trial lawyers need to use some judgment in deciding whether a videotaped deposition is necessary.  It is often more effective to show inconsistencies in the testimony of key witnesses on videotape than to simply impeach them with a deposition transcript.  Here, Unisys has requested costs associated only with videotaping the depositions of Saba (for two days) and two of Saba's experts.  Dkt. No. 163 at 2.  These were important depositions in the case.  Moreover, Saba videotaped the same depositions and all others taken in this case. *Id.* at 3.  Under these circumstances, the videotaping costs were necessary for Unisys's defense.  It is entitled to an additional $5,095.76 in costs for the videotaped depositions. *See* Dkt. No. 163 at 2.

**B. Process Servers' Fees**

Unisys requests $295.75 for the process servers' fees that it incurred in serving its subpoena on Aetna, which Magistrate Judge Ryu expressly allowed.  Dkt. No. 163 at 3.  While Unisys is entitled to costs for private process servers, these costs are only allowed "to the extent reasonably required and actually incurred."  Civil L.R. 54-3(a)(2).  Here, the invoice submitted reflected a relatively high cost for service ($295.75), stated that it used "same day" service, and was not itemized as to number of attempts, mileage, or other factors affecting cost or what would be considered reasonable. *See* Dkt. No. 140; *Affymetrix*, 2005 WL 2072113, at *2 ("Expedited

2

delivery or messenger fees . . . are not recoverable"); *Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, No. 08CV335-IEG NLS, 2011 WL 666881, at *2 (S.D. Cal. Feb. 17, 2011) ("In its bill of costs, ATC did not break out the cost of expediting service, such that the Court cannot determine what portion of the claimed cost is proper."). Accordingly, because Unisys has not presented adequate evidence that the fees for service of the Aetna subpoena were "reasonably required," its objection is DENIED.

### C. Copying Costs

Unisys requests $72.00 for costs incurred in copying documents produced to Saba in discovery. Dkt. No. 163 at 4. Copying costs are taxable pursuant to Civil Local Rule 54-3(d)(2). I do not see any reason to disallow the $72.00 in copying costs submitted by Unisys, and accordingly GRANT Unisys's request for copying costs.

### D. Saba's Objections

Saba filed an objection to Unisys's bill of costs before the clerk taxed the costs. Dkt. No. 146. The clerk considered these objections before awarding costs, and after reviewing the costs taxed by the clerk, I am satisfied that the remaining costs awarded are appropriate. I am not persuaded by Saba's argument that I should exercise my discretion to deny an award of costs entirely, and find that there is no compelling reason to do so.

## II. MOTION TO COMPEL UNISYS TO COMPLY WITH THE TERMS OF THE PROTECTIVE ORDER

Saba objected to Unisys's bill of costs, asserting that he was unable to pay, among other things. Dkt. No. 146. In response to Saba's objection, Unisys filed a brief that included information that Saba contends violates the parties' protective order. Dkt. No. 155.

In its response, Unisys stated that Saba "earned a salary in the high five figures during his last several years of employment with Unisys and, for at least five years during that period was . . . also earning a six-figure salary." Dkt. No. 155 at 1. It also asserted that he earned "almost $200,000 annually for at least 5 years." *Id.* It further described the amount that Saba received from a prior settlement, which was already part of the record, and described the rough amount Saba earned each year at Unisys. *Id.* at 3. Finally, Unisys referred to a specific sum that Saba had

received from family, which was also part of the record. *Id.* at 4.

Saba objects to these disclosures, as well as his address and the names of his children. However, he does not provide specific citations to the record that he objects to, or to the protective order. None of the information at issue is covered by the parties' stipulated protective order. *See* Dkt. No. 26. Much of it is already part of the record. Saba did not mark this information as confidential and never requested that any of this information be filed under seal. However, Saba is correct that the names of his minor children may be filed under seal in accordance with Federal Rule of Civil Procedure 5.2.

The procedure set forth in the protective order requires that a party mark information as confidential and file a motion to seal when appropriate. *See* Dkt. No. 26 at 8 ("If a Party wishes to file a document designated "CONFIDENTIAL" with the Court, such document shall be filed conditionally under seal until further order of the court. The party who requests the document be filed under seal shall prepare the necessary order in compliance with Civil Local rule 79-5. The filing Party shall serve the sealed document upon all parties of record by electronic mail or pursuant to any authorized means of service."). If Saba wishes such information to be filed under seal, he should file a motion to seal, along with a redacted and unredacted versions of the document at issue, in accordance with Civil Local Rule 79-5.

## CONCLUSION

For the above reasons, Unisys's motion to review costs is GRANTED. It is entitled to an additional $72.00 to reflect copying costs that the clerk disallowed, and to $5,095.76 in costs for videotaping the two expert depositions. It is not entitled to additional costs for the videotaped depositions or the process servers' fees. Saba's motion to compel is DENIED.

**IT IS SO ORDERED**.

Dated: September 14, 2015

WILLIAM H. ORRICK
United States District Judge